IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

REGINALD A. MOTON,

                Plaintiff,                          ORDER

v.

                                                10-cv-666-slc

GREGORY GRAMS, *et al.*,

                Defendants.

---

       The parties are currently briefing defendants' motion for summary judgment. Plaintiff Reginald Moton's opposition materials are due April 18, 2012. Now before the court is a letter dated March 26, 2012 submitted by plaintiff, in which he states that he does not know how to respond to defendants' motion for summary judgment and the inmates he was relying on to assist him have been released. I will construe plaintiff's letter as a request for clarification of the summary judgment procedures and a motion for extension of time.

       Plaintiff received this court's procedures to be followed on motions for summary judgment twice in this case. They were sent to him with the preliminary pretrial conference order entered on September 12, 2011, *See* dkt. 27, and again on March 19, 2012 with the notice setting briefing on defendants' summary judgment motion. The court's procedures provide that a party opposing a motion for summary judgment is to file three items: (1) a response to the movant's proposed findings of fact; (2) a brief in opposition to the motion; and (3) evidentiary materials. <u>Procedure</u> II.A. In addition, if the non-moving party is unable to tell fully his version of the facts that are important to a decision in his favor simply by responding to the facts proposed by the moving party, he may propose additional facts of his own. <u>Procedure</u> II.B.

       In the pretrial conference packet, the procedures were accompanied by two additional documents, one titled "Helpful Tips for Filing a Summary Judgment Motion," and another titled "Memorandum to Pro Se Litigants Regarding Summary Judgment Motions." These attachments

gives specific examples and explanations of the court's procedures. For example, helpful tip number three states that "[y]our brief is the place to make your legal argument, not to restate facts." Also, the pro se memorandum addresses how to avoid the problem where a pro se plaintiff does not answer the defendant's proposed facts correctly. The purpose of the pretrial conference order and attachments is to explain to litigants who are representing themselves how to respond to a motion for summary judgment filed by the defendants. In the event plaintiff has misplaced that order, I am enclosing another copy of the procedures to followed on summary judgment to him with a copy of this order.

I remind plaintiff that he is not expected to provide the court with extensive legal research. Instead, his role is to present the facts about which he has personal knowledge, that is, what he saw, felt and heard. Plaintiff can do this without researching the law or looking for additional legal precedent. It is the *court's* job to determine the relevant law and apply it to the facts. Plaintiff should use the procedures to be followed on motion for summary judgment as his roadmap in preparing his opposition. Because plaintiff's deadline is rapidly approaching, I will give him an extension of time to file his response.

Accordingly, it is ORDERED that plaintiff's motion for an extension of time, dkt. 38, is GRANTED; he may have until May 9, 2012 to file his response. Defendants will have until May 21, 2012 to file their reply.

Entered this 13th day of April, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge